IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Donald Whitaker,<br><br>   Plaintiff,<br><br> v.<br><br>Dovenmuehle Mortgage, Inc.<br><br>   Defendant. | Case No. 20-cv-6746 |

## NOTICE OF REMOVAL

Defendant Dovenmuehle Mortgage, Inc. ("DMI" or "Defendant"), hereby removes the above-captioned action to the United States District Court for the Northern District of Illinois. Removal is based on 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Removal to this Court is proper based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In support of this Notice of Removal, DMI states as follows:

### THE STATE COURT ACTION

1. On or about October 8, 2020, Plaintiff Donald Whitaker ("Plaintiff" or "Whitaker") filed a Complaint against DMI in the General Chancery Division of the County Department of the Circuit Court of Cook County, Illinois (the "State Court"). The Complaint was assigned case number 2020-CH-06210. A copy of the Complaint is attached hereto as **Exhibit A**.

2. In the Complaint, Plaintiff alleges that DMI and BMO Harris Bank ("BMO") allegedly sent him a letter on August 27, 2020 "in connection with the collection" of a mortgage debt. Complaint ¶ 13. Plaintiff further alleges that DMI sent Plaintiff a "validation notice" on September 18, 2020. *Id.* ¶ 23.

3. The Complaint purports to assert one Count against DMI under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Compl. ¶¶ 33-44. The Complaint alleges that DMI allegedly violated certain provisions of the FDCPA, including 15 U.S.C. §§ 1692g(a)(3), 1692e(14), and 1692g. *Id.*

4. In the Complaint, Plaintiff purports to seek relief on behalf of himself and on behalf of two putative classes: (1) a putative "1692g Class," consisting of persons who did not receive a "validation notice" within five days after receiving a letter "signed by a representative of BMO and a representative of DMI," and (2) a putative "1692e Class" consisting of persons who received a letter from DMI that "fails to refer to DMI at all." *Id.* ¶ 27.[1]

5. The Complaint purports to seek statutory and actual damages and attorneys' fees on behalf of Plaintiff and the members of the putative classes. Compl. at p. 10.

## **FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION**

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the action "aris[es] under the Constitution, laws, or treaties of the United States." Jurisdiction exists under § 1331 "where an issue of federal law appears on the face of the complaint." *DeFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445–46 (3d Cir. 2003). *See also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (a claim "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]").

7. Here, federal question jurisdiction exists on the face of the Complaint, as Plaintiffs purports to bring claims under the federal FDCPA, 15 U.S.C. §§ 1692, *et seq. See* Compl. ¶¶ 33-44.

---

[1] DMI denies that class certification is appropriate in this case and reserves its right to contest class certification at an appropriate time.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

8. **Venue Is Proper**. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Northern District of Illinois, which is the federal district court encompassing the court where the state court action was filed. 28 U.S.C. § 93(a)(1).

9. **Removal Is Timely**. On October 14, 2020, a summons and copy of the Complaint was served on DMI's registered agent for service of process. This Notice of Removal has been timely filed within thirty days of receipt of the summons described above on October 14, 2020, pursuant to 28 U.S.C. § 1446(b).

10. **Pleadings and Process**. Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court are attached hereto as **Exhibit B**, in compliance with 28 U.S.C. § 1446(a). Defendant DMI has paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

11. **Notice**. A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the State Court in which the action is pending and served on Plaintiff, pursuant to 28 U.S.C. § 1446(d) (attached hereto as **Exhibit C**). A copy of the Notice of Removal to All Adverse Parties will be served promptly on Plaintiff, pursuant to 28 U.S.C. §§ 1446(a), (d) (attached hereto as **Exhibit D**).

12. **Signature**. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed by counsel for the Defendant DMI below.

13. **No Prior Removal**. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

14. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and this action therefore may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

15. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, DMI respectfully requests the opportunity to submit such additional briefing, argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Defendant DMI respectfully removes this action from the Circuit Court of Cook County, Illinois, Case No. 2020-CH-06210, to this Court.

Dated: November 13, 2020            Respectfully submitted,

By: */s/ Christopher S. Comstock*
Lucia Nale
Christopher S. Comstock
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7111
lnale@mayerbrown.com
ccomstock@mayerbrown.com

*Attorneys for Defendant Dovenmuehle Mortgage, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 13, 2020, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of the foregoing instrument were sent by email and first-class U.S. mail to counsel for plaintiff at the address and email addresses below:

Thomas A. Zimmerman, Jr.
tom@attorneyzim.com
Sharon A. Harris
sharon@attorneyzim.com
Matthew C. De Re
matt@attorneyzim.com
Jeffrey D. Blake
jeff@attorneyzim.com
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602

Rusty Payton
info@payton.legal
Payton Legal Group
20 North Clark Street, Suite 3300
Chicago, Illinois

By: */s/ Christopher S. Comstock*
Christopher S. Comstock